**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-23066-DPG**

TRIDENT TRUST COMPANY (SOUTH DAKOTA)
INC., and INVERSIONES PROVIDENCIA, LLC,

      Plaintiffs,

v.

EFRAIN MARTINEZ, CARLOS MARTINEZ,
DEUTSCHE BANK (SWITZERLAND) LTD., and
SCHRODER & CO. BANK AG,

      Defendants.

_____/

**PLAINTIFFS' STATUS REPORT REGARDING SERVICE**
**<u>UPON FOREIGN DEFENDANTS</u>**

Plaintiffs, Trident Trust Company (South Dakota) Inc. and Inversiones Providencia, LLC (together, "Plaintiffs"), respectfully submit this Status Report on service of process upon the two foreign Defendants, Deutsche Bank (Switzerland) Ltd. (registered as Deutsche Bank (Suisse) SA) and Schroder & Co. Bank AG (registered as Schroder & Co Bank AG) (together, the "Bank Defendants"), and state as follows:

Plaintiffs filed their Complaint on April 30, 2026. *See* D.E. 1. Carlos Martinez was served on May 28, 2026, and Efrain Martinez was served on June 3, 2026. This report concerns the two Bank Defendants, who have not yet been served.

Federal Rule of Civil Procedure 4(m) requires service within 90 days after the complaint is filed, but that deadline does not apply to service in a foreign country under Rules 4(f) and 4(h)(2). *See* Fed. R. Civ. P. 4(m). The Bank Defendants are foreign corporations that will be served in Switzerland under Rules 4(h)(2) and 4(f)(1). *See* Fed. R. Civ. P. 4(f)(1), 4(h)(2). Plaintiffs file this

report ensure the Court remains informed about the status of service abroad and so that the docket reflects the timing the treaty process requires.

The Bank Defendants are Swiss entities. Deutsche Bank (Suisse) SA has its registered seat in the Canton of Geneva, and Schroder & Co Bank AG has its registered seat in the Canton of Zürich. Switzerland has been a signatory to the Hague Service Convention since January 1, 1995. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Service Convention"); *see* HCCH, Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Switzerland has objected to the alternative methods of transmission permitted under Article 10, including service by postal channels, and to service through diplomatic or consular channels under Article 8.

Service must therefore proceed formally under Article 5, through the Central Authority of the canton in which service is to be made, and the documents must be in, or accompanied by a translation into, the language of that authority. *See* Hague Service Convention arts. 5, 8, 10; Switzerland, Declarations and Reservations. Plaintiffs must serve Deutsche Bank (Suisse) in French through the Geneva Central Authority, the Tribunal de première instance, and Schroder & Co Bank AG in German through the Zürich Central Authority, the Obergericht des Kantons Zürich.

Plaintiffs have completed every step required to initiate service under the Convention. They have confirmed the Bank Defendants' Swiss registered seats, identified two cantonal Central Authorities, translated the documents, filled out the relevant forms, and hired a process server. The translation requirement prolonged the time this process took. Before any request could be sent, certified French and German translations of the summonses, Complaint, and related service documents had to be prepared and verified, and that work completed. With the translations in hand,

Plaintiffs prepared a Request for Service Abroad of Judicial or Extrajudicial Documents (Form USM-94) for each Bank Defendant, compiled the full service packages, and retained an international process server to submit the requests to the Geneva and Zürich Central Authorities. The complete, translated service packages are now in the possession of the international process server, and Plaintiffs are awaiting the process server's update on transmittal to the two Central Authorities.

Plaintiffs will promptly file the Article 6 certificates and any proofs of service upon receipt, will continue to advise the Court of the status of service on the Bank Defendants.

Respectfully submitted this 28th day of July 2026.

Aballí Milne Kalil, P.A.
*Counsel for Plaintiffs*
One Southeast Third Avenue, Suite 2250
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
Email: hmilne@aballi.com
Email: igucovschi@aballi.com

*/s/  Hendrik G. Milne*
Hendrik G. Milne, Esq.
Florida Bar No. 335886
Ilana Gucovschi, Esq.
Florida Bar No. 1055227

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on the 28th of July 2026, a true and correct copy of the foregoing was electronically filed via CM/ECF filing portal, which will serve this document on all counsel of record via this Court's e-service system.

*/s/ Henrik G. Milne*
Hendrik G. Milne, Esq.